**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| ANDRE LADIKA and LUISA LADIKA,<br><br>Plaintiffs,<br>v.<br><br>MARIE-ANN GREENBERG, et al.,<br><br>Defendants. | No. 26-AP-1523 (CMG)<br><br>**OPINION AND ORDER** |

**RENÉE MARIE BUMB, Chief United States District Judge**

Plaintiffs Andre and Luisa Ladika have been unsuccessfully pursuing Chapter 13 bankruptcy in this District's Bankruptcy Court for over three years. The Ladikas believe chicanery between the original mortgagor for the home loan and the current loan holder renders their mortgage null and void. The Bankruptcy Court found the Ladikas' argument without merit and held their mortgage is a valid debt. Appeals to this Court upheld the Bankruptcy Court's finding. *See generally Ladika v. Bank of New York*, No. 25-CV-760 (D.N.J. *order aff'g bankr. court entered* Feb. 18, 2026) (Docket No. 19) (detailed recounting of procedural history).

The Ladikas now expand their trench warfare. They filed an adversary proceeding naming two United States Judges assigned to their case as defendants. Because any claims against those judges necessarily arise outside the "core" of bankruptcy proceedings and are designed to thwart the regular judicial process, this

Court withdraws its reference of the Ladikas' adversary proceeding on its own motion and assumes jurisdiction over the matter.

## I. LEGAL STANDARD.

United States Bankruptcy Courts are not Article III courts, and exercise authority over bankruptcy matters pursuant to a statute authorizing District Courts to "refer" all bankruptcy matters. *In re U Lock, Inc.*, 2025 WL 2808910, at *4 (3d Cir. Sep. 30, 2025) (citing *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 670 (2015)); 28 U.S.C. § 157(a) ("Each district court may provide that any or all cases under [the Bankruptcy Code] . . . shall be referred to the bankruptcy judges for the district."); *see, e.g.*, *In re Scotto-Diclemente*, 459 B.R. 558, 561 (D.N.J. 2011). However, where, as here, a matter arises in a bankruptcy proceeding that falls outside the core functions of a bankruptcy, a District Court may "withdraw" their reference and assume jurisdiction over some or all of the offending proceeding. 28 U.S.C. § 157(d). Matters fall outside the core of bankruptcy when they "are not integral to the restructuring of debtor-creditor rights and do not involve a cause of action created by Title 11[.]" *Stream TV Networks, Inc. v. Stastney*, 2023 WL 7928682, at *9 (E.D. Pa. Nov. 16, 2023) (citing *Windsor Commc'ns Grp., Inc. v. Grant*, 75 B.R. 713, 721 (E.D. Pa. 1985)).

But before a District Court withdraws its reference, it must find that it has cause to do so, § 157(d), such as when a vexatious litigant tries to judge shop by naming their judge as a defendant, *see In re Nickels Midway Pier, L.L.C.*, 2010 WL 415328, at *3 (D.N.J. Jan. 28, 2010) (citing *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990) (listing

forum shopping and expediting the bankruptcy process as factors for courts to consider when exercising their withdrawal right)); *see also, e.g.*, *Ateser v. Bopp*, 29 F.3d 630 (Table), 1994 WL 377872, at *5 (9th Cir. 1994) (district court dismissing claims against bankruptcy judge immune from suit). Non-core proceedings alone do not create cause; there must be an additional justification for the District Court's assumption of original jurisdiction as opposed to waiting to hear them on report and recommendation from the Bankruptcy Judge. *In re Kidde-Fenwal, Inc.*, 2024 WL 2941150, at *4 (D. Del. June 11, 2024) (citing § 157(d)'s "for cause" language) ("Rather, withdrawing the reference in a non-core proceeding requires something more[.]").

## II. ANALYSIS.

Suing judges is that "something more." The Ladikas are dissatisfied with the rulings of their prior Bankruptcy Judge and the District Judge who heard their appeals. The proper course of action is to file an appeal to the United States Third Circuit Court of Appeals. The Ladikas' purported claims against Judges Sherwood and Arleo are—by design—attempts to thwart that regular judicial process by (1) bypassing the appellate process and (2) presumably conflicting those judges out from hearing the Ladikas' matters in the future. The Ladikas' improper motives must be stopped in their tracks ***and*** create the cause required for this Court to act as a bulwark against their meritless conduct.

*Pruitt* outlines five factors to assess whether a court has cause to withdraw its reference to a bankruptcy proceeding. 910 F.2d at 1168. They are the prevention of

forum shopping, judicial economy, expediting the bankruptcy proceeding, uniform bankruptcy administration, and the timing of the withdrawal. *Id.* All five favor withdrawal in the Ladikas' case.

First and foremost, naming judges is a naked attempt at forum shopping. By design, suing judges is a thinly veiled stall tactic designed to influence the outcome of litigation and undermine the judicial process. *See, e.g.*, *Thronton v. New Jersey*, 2024 WL 4441923, at *10 (D.N.J. Oct. 8, 2024) ("This case is a quintessential example of an instance where a litigant is dissatisfied with decisions rendered by a presiding trial judge and, as a result, sues that judge."); *United States v. Wecht*, 2008 WL 1773928, at *4 (W.D. Pa. Apr. 16, 2008) (repeated motions to recuse were a "waste of judicial resources and inconsistent with orderly judicial process."). This conclusion is bolstered by a review of the adversary complaint: It lacks ***any*** allegations against the judges other than listing the adverse rulings the Ladikas' disagree with.

Second, withdrawing the reference allows this Court to consider the Ladikas' adversary proceeding alongside two substantially similar, ***if not identical***, matters they filed directly in the District Court. Third, dismissing the claims against Judge Arleo allows her to continue fulfilling the District Court's appellate function, expediting the Ladikas' bankruptcy proceeding. Fourth, allowing Judge Arleo to continue serving her appellate role in this matter without further disruption serves uniformity in bankruptcy administration by refusing to let outside interference from vexatious litigants to influence the Bankruptcy Court's standard procedures. Finally, the timing here does not interfere with the Bankruptcy Court's holdings regarding the core

Chapter 13 issues in this matter. With all factors weighing in favor of withdrawing the reference, the Court does so and will exercise original jurisdiction over the Ladikas' adversary proceeding.

## III. CONCLUSION AND ORDER.

For the above reasons, the Court **WITHDRAWS** its reference of the Ladikas' adversary proceeding found at Bankruptcy Case Number 26-AP-1523 **FOR CAUSE**. The Clerk shall docket this matter as a civil action related to District Court Case Numbers 26-CV-11284 and 26-CV-13577 for further proceedings before this Court.

**October 30, 2026**
Date

**/s/Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge